Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff, ASCENTIUM CAPITAL, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>DEAN K. OTAKA MD., INC,, a Hawaii Corporation and DEAN K. OTAKA, aka DEAN K. OTAKA, M.D., an individual,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF EQUIPMENT FINANCE AGREEMENT, BREACH OF GUARANTY AND FOR CLAIM AND DELIVERY** |

Plaintiff alleges as follows:

## FIRST CLAIM FOR RELIEF

**(For Breach of Equipment Finance Agreement as Against DEAN K. OTAKA, MD., INC. a Hawaii corporation)**

### JURISDICTION

1.      At all times herein mentioned, Plaintiff, ASCENTIUM CAPITAL LLC ("Plaintiff"), was, and still is, a Delaware limited liability company with its principal place of business at 23970 US Highway 59 North, Kingwood, Texas and is qualified and authorized to

conduct business in the State of California and conducts business at 11171 Sun Center Drive, Rancho Cordova, California 95670.  Plaintiff is 100% owned by RF Acquisition, LLC a Delaware Limited Liability Company which is 100% owned by Regions Bank, an Alabama State Bank. Regions Bank is 100% owned by Regions Financial Corporation (NYSE: RF).

2. At all times herein mention, Defendant DEAN K. OTAKA, MD., INC. ("Borrower") was, and is, a Hawaii corporation with its principal place of business located in the City of Aiea, State of Hawaii.

3. Plaintiff is informed and thereon alleges that at all times herein mentioned, Defendant DEAN K. OTAKA aka DEAN K. OTAKA, MD., ("Otaka") is an individual residing in the City of Pearl City, State of Hawaii.

4. Jurisdiction exists by virtue of the fact that Plaintiff and Defendants are citizens of different states and the amount due is in excess of $75,000.00 exclusive of interest and costs pursuant to 11 U.S.C. §1332(a)(1).

**VENUE**

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 (b)(1) and (2) in that this District is a District where the Borrower and Otaka agreed that litigation may be commenced since the contracts at issue have forum selection clauses in California and Plaintiff's place of business is in the County of Sacramento, State of California. The Defendants have also waived any right to assert that this is an inconvenient forum.

6. The within action is not subject to the provisions of Section 2981, et. seq. (Rees-Levering Act) and Sections 1801, et. seq. (Unruh Act) of the Civil Code of the State of California,

**SPECIFIC ALLEGATIONS OF COMPLAINT**

7. November 13, 2018, Plaintiff entered into an Equipment Finance Agreement evidencing a loan Plaintiff was to make in the sum of $215,008.75 for Borrower to acquire the Cynosure Sculpsure medical Equipment set forth in the Invoice attached hereto, marked Exhibit "1" and incorporated herein by this reference ("the Equipment"). Pursuant to the terms of the Equipment Finance Agreement, Borrower was to make 6 monthly payments of $99.00 followed by 60 monthly payments of $4,843.56 until the loan evidenced by the Equipment Finance

Agreement ("Loan") was paid in full. A true and correct copy of the Equipment Finance Agreement including a Prepayment Addendum is attached hereto, marked Exhibit "2" and is incorporated herein by this reference ("EFA").

8.     Plaintiff paid the supplier for the equipment which was delivered to Borrower.

9.     Plaintiff was granted a security interest in the Equipment which is the subject of the Exhibit "1" Invoice pursuant to the terms of the EFA and Plaintiff also filed its UCC-1 Financing Statement perfecting its lien. A true and correct copy of the UCC-1 Financing Statement is attached hereto, marked Exhibit "3" and is incorporated herein by this reference.

10.    Borrower was unable to make the payments due and requested that Plaintiff give Borrower COVID payment deferral relief which Plaintiff agreed to do. Plaintiff and Borrower amended the EFA and Borrower did not make any payments for April, May and June, 2020, and was to make 49 payments of $4,843.56 thereafter. A true and correct copy of the Amendment and Modification of Payment Terms reflecting the foregoing is attached hereto, marked Exhibit "4" and is incorporated herein by this reference.

11.    Once again Borrower requested further COVID payment deferral which was given to Borrower by Plaintiff. No payments were due for the months of August, September and October, 2020, then regular payments were to resume thereafter pursuant to the terms of the EFA with a final payment of $4,843.56 on November 15, 2024. A true and correct copy of the Amendment and Modification of Payment Terms reflecting this payment deferral is attached hereto, marked Exhibit '5" and is incorporated herein by this reference.

12.    Plaintiff has performed and conditions, covenants and promises on its part to be performed pursuant to the terms of the Exhibit "2" EFA and the Exhibits "3" and "4" Modification Agreements and all other documents executed by Plaintiff and Borrower.

13.    Borrower failed and refused to make payments due in May, 2020, and each month thereafter.  Demand was made on Borrower to make the payments due and, if not paid, then to also turn over possession of the Equipment. Borrower failed to make the payments due and failed to turn over possession of the Equipment. Attached hereto, marked collectively Exhibit "5" and incorporated by reference are copies of the Demand letters sent by Plaintiff to Borrower and also

to Otaka.

14. As a result of the failure to make the payments due, and after declaring the balance of the Loan due and discounting unearned interest to present value at 3% as required under the EFA, the entire sum of the Loan due as of July 7, 2022 was $144,927.43, but interest will continue to accrue on this sum in an amount according to proof. Demand has been made to pay this sum and the other sums below but the Defendants have failed to do so.

15. In addition, Plaintiff is entitled to late charges for each payment not paid when due if 10% of the unpaid amount. As of July 7, 2020, this sum is $968.72, but late charges will continue to accrue in an amount according to proof. In addition, Plaintiff is entitled to reimbursement for a site inspection charge of $200.00.

16. Pursuant to the terms of the EFA, Plaintiff is entitled to its reasonable attorney's fees and costs of suit incurred herein in an amount according to proof.

## SECOND CLAIM FOR RELIEF

**(For Breach of Guaranty Against Dean Otaka aka Dean Otaka, M.D.)**

17. Plaintiff refers to each and every allegation contained in its First Claim and incorporates the same herein by reference as though set forth in full.

18. In connection with entering into the Loan evidenced by the EFA, Otaka executed a Guaranty individually obligating himself to pay all sums due and payable by Borrower to Plaintiff. A true and correct copy of the Guaranty is part of the Exhibit "2" EFA and is incorporated herein by this reference.

19. Plaintiff has performed all conditions, covenants, and promises on its part required to be performed in accordance with the terms of the EFA, Guaranty, all Modifications thereof and all other documents entered into with respect to this Loan.

20. Demand has been made on Otaka to pay all sums due, but Otaka has failed to do so. As a result, Plaintiff has declared the Guaranty to be in default and all sums are due and payable on the Guaranty as set forth in the First Claim.

21. As a result of the foregoing, Plaintiff is entitled to the total Loan balance as of July

7, 2022, in the sum of $144,927.43 plus interest thereon, late fees in at least the sum of $968.72 and site inspection charges of $200.00 but all such sums are in an amount according to proof.

22. Pursuant to the terms of the Guaranty, Plaintiff is entitled to its reasonable attorney's fees and costs of suit incurred herein, in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### (For Claim and Delivery as Against all Defendants)

23. Plaintiff refers to each and every allegation contained in its First and Second, Causes of Action and incorporates the same herein by reference as though set forth in full.

24. In connection with entering into the Loan evidenced by the EFA, Borrower granted Plaintiff a lien on the Equipment described in the EFA and related Invoice attached hereto as Exhibits "1" and "2". Plaintiff also filed its UCC-1 Financing Statement perfecting its lien on the Equipment.

25. As set forth above, Defendants, and each of them, are in default of the EFA and the Guaranty thereof.  Demand has been made on Defendants, and each of them, to pay all sums due. but they have failed and refused to do so.  Demand has also been made on Defendants, and each of them, to turn over possession of the Equipment but they have failed and refused to do so.  As a result of the foregoing, Plaintiff is entitled to a Judgment for Claim and Delivery with respect to the Defendants' Equipment and a Judgment for immediate possession of the Equipment.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, and each of them, as follows

**As to the First and Second Causes of Action**

1. For the principal sum of $144,927.43 plus interest in an amount according to proof;

2. For late charges in at least the sum of $968.72 but in an amount according to proof;

3. For various costs such as inspection fees in at least the sum of $200.00 but in an amount according to proof;

4. For reasonable attorney's fees in an amount according to proof;

**As to the Third Cause of Action**

5. For Judgment for immediate possession of the Equipment as defined in the First

Claim;

6. For Judgment for claim and delivery with respect to the Equipment as defined in the First Claim

**On All Causes of Action**

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

DATED: August 19, 2022             FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff, ASCENTIUM CAPITAL, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT 1


A Hologic Company

## Pro-Forma INVOICE

**Bill To**
DEAN K. OTAKA MD., INC.
98-1247 KAAHUMANU ST
AIEA, HI 96701
US

**Ship To**
DEAN K. OTAKA MD., INC.
98-1247 KAAHUMANU ST
AIEA, HI 96701
US

Invoice No.        Q-97688
Invoice Date       11/9/2018
Customer No.       410939

Currency           USD
Payment Terms      30 NET

Federal ID :       04-3125110

| Product # | Description | Quantity |
|---|---|---|
| 675-7026-006 | SCULPSURE® NON-INVASIVE BODY CONTOURING PLATFORM WITH SCULPSURE® SUBMENTAL PACKAGE | 1 |

Subtotal:         USD 205,000.00
Total Freight:    USD 750.00
Tax:              USD 9,258.75
Total Amount:     USD 215,008.75
Deposit Amount:   USD 0.00

Comments:

# EXHIBIT 2



# EQUIPMENT FINANCE AGREEMENT
### Agreement No. 2289888

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**TERM:** 66

**DEBTOR ("you" or "your"):** DEAN K. OTAKA MD., INC.
**ADDRESS:** 98-1247 KAAHUMANU ST STE 115 AIEA HI 96701

**PAYMENT SCHEDULE:** 6 @ $99.00, 60 @ $4,843.56

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** CYNOSURE EQUIPMENT

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason. You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You will use the Collateral for commercial purposes only and in compliance with law.

**Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA (whether delivered by facsimile, in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice.

By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | DEAN K. OTAKA MD., INC. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | [signature] | By: | [signature] |
| Printed Name and Title: | DEAN OTAKA, President | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | [signature] | Printed Name: | DEAN OTAKA |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | First Hawaiian Bank | Acct Holder Name: | Dean K. OTAKA MD INC |
|---|---|---|---|
| Account No: | [redacted] | ABA No: | [redacted] |
| Authorized Signature: | [signature] | Printed Name and Title: | Dean Otaka, President |

1401-20181202

# EQUIPMENT FINANCE AGREEMENT
## Agreement No. 2289888

**Ascentium Capital LLC**
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| DEAN K. OTAKA MD., INC. | 98-1247 KAAHUMANU ST STE 115 AIEA HI 96701 | 66 |

**PAYMENT SCHEDULE:** 6 @ $99.00, 60 @ $4,843.56

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** CYNOSURE EQUIPMENT

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA.

**Disclaimer of Warranties and Claims. We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason.** You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You will use the Collateral for commercial purposes only and in compliance with law.

**Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial.** You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA (whether delivered by facsimile, in in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice.

**By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.**

| Debtor Name: | DEAN K. OTAKA MD., INC. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ⊠ | By: | |
| Printed Name and Title: | DEAN OTAKA, President | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | ⊠ | Printed Name: | DEAN OTAKA |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | | Acct Holder Name: | |
|---|---|---|---|
| Account No: | | ABA No: | |
| Authorized Signature: | ⊠ | Printed Name and Title: | , |

# EXHIBIT 3

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: 800-331-3282 Fax: 818-662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
330 N Brand Blvd #700
Glendale, CA  91203

67288943

HIHI

File with: Bureau of Conveyances, HI

**Lien Solutions**
Representation of filing

**This filing is Completed**
File Number : A68870465
File Date   : 09-Nov-2018

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| DEAN K. OTAKA MD., INC. | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 98-1247 KAAHUMANU ST STE 115 | AIEA | HI / 96701 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| C T Corporation System, as representative | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 330 N Brand Blvd, Suite 700, Attn: SPRS | Glendale | CA / 91203 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
The equipment, personal property and other assets (collectively, "Property"), financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2289888, together with all replacements for, additions to, substitutions for and accessions to the Property and all proceeds of any of the foregoing, including, without limitation, proceeds of insurance.  Secured party/lessor and debtor/lessee agree that that a more detailed description of the Property being financed shall be maintained by secured party/lessor among its books and records in whatever more detailed description of the Property financed is received from the supplier of such Property and, absent manifest error, such detailed description shall be deemed dispositive and considered incorporated into the Agreement.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
67288943

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

# EXHIBIT 4



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2289888

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Dean K. Otaka Md., Inc., having offices located at 98-1247 KAAHUMANU ST STE 115, AIEA, HI 96701 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and

WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1. Amendment of Payment Terms. The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
    a. **Beginning 04/15/20, 3 (three) payments of $0.00**
    b. **Beginning 07/15/20, 49 (forty nine) payments of $4,843.56,** due on or before the due date each month;

2. Effect of Amendment. Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled. You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Dean K. Otaka Md., Inc. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *[signature]* | By: | *[signature]* |
| Printed Name: | *[handwritten]* | Printed Name: | Dan Bocash |
| Title: | *[handwritten] President* | Title: | SVP-Client Relations |

2946-20200319

# EXHIBIT 5

DocuSign Envelope ID: CA53C550-B550-4897-86B8-DC74C8A9AF25

THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net



# AMENDMENT AND MODIFICATION OF PAYMENT TERMS
## Agreement No. 2289888

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Dean K. Otaka Md., Inc., having offices located at 98-1247 KAAHUMANU ST STE 115  AIEA HI 96701 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1. Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a. **Beginning 08/15/2020, payments of $0.00**
   b. **Beginning 11/15/2020, regular payments to resume according to the original agreement**
   c. **On 11/15/2024, a COVID19 modification payment of $4,843.56**

2. Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| **Debtor Name:** | Dean K. Otaka Md., Inc. | **Accepted By:** | Ascentium Capital LLC |
|---|---|---|---|
| **By:** | *DEAN OTAKA* (DocuSigned by) 9B1A9E664E514C6... | **By:** | *[signature]* |
| **Printed Name:** | DEAN OTAKA | **Printed Name/Title:** | Dan Bocash |

2956-20200513

# VERIFICATION

**STATE OF TEXAS, COUNTY OF HARRIS**

I have read the foregoing **COMPLAINT** and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am Vice President and Asset Manager of Ascentium Capital, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

  ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

  ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for Ascentium Capital, LLC, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on August 5, 2022, at Kingwood, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jerry Noon
Print Name of Signatory                                  Signature

3436819v1 | 100287-0014

1
COMPLAINT